## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

_Terry Duane Rucker 2801673_
(full name)                    (Register No.)

_____

_____

Plaintiff(s).

v.

_Chris Deck, Elise Barker,_
(Full name)
_Cynthia Hallam, Tammy Bates,_
_Heather Ford, Brian Kinkade, Jay Nixon_
Defendant(s).

15 - 3217 - CV - S - BP - P

Case No._____

Defendants are sued in their (check one):
_____ Individual Capacity
_____ Official Capacity
_✓_ Both

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I.    Place of present confinement of plaintiff(s): _Greene County Justice Center_
_1000 N. Boonville Springfield MO 65802_

II.   Parties to this civil action:
Please give your commitment name and any another name(s) you have used while
incarcerated.

A. Plaintiff _Terry D. Rucker_      Register No. _2801673_
Address _1000 N. Boonville Springfield MO 65802_

B. Defendant _Chris Deck_

Is employed as _Deputy Juvenile Officer, Greene County_
_Juvenile office_

For additional plaintiffs or defendants, provide above information in same format on a
separate page.

1

## Defendants

Defendant: Elise Barker
Is employed as: Guardian ad litum

Defendant: Cynthia Hallam
Is employed as: Division of social services
case manager.

Defendant: Tammy Bates
Is employed as: D.S.S. Children's service Supervisor.

Defendant: Heather Ford
Is employed as: Children's division 31st circuit
manager

Defendant: Brian Kinkade
Is employed as: Director of the Department
of Social Services

Defendant: Jay Nixon
Is employed as: Governor

III.   Do your claims involve medical treatment?        Yes _____        No ✓

IV.    Do you request a jury trial?                      Yes ✓           No _____

V.     Do you request money damages?                     Yes ✓           No _____

       State the amount claimed?                          $ 5,000 / 25,000 (actual/punitive)

VI.    Are the wrongs alleged in your complaint continuing to occur?  Yes ✓  No _____

VII.   Grievance procedures:

       A. Does your institution have an administrative or grievance procedure?
                                                          Yes ✓           No _____

       B. Have the claims in this case been presented through an administrative or grievance
       procedure within the institution?           Yes_____        No ✓

       C. If a grievance was filed, state the date your claims were presented, how they were
       presented, and the result of that procedure. (Attach a copy of the final result.)
       _N/A_____
       _____
       _____

       D. If you have not filed a grievance, state the reasons.
       Greene County Justice Center (Jail) has no
       jurisdiction over Division of Social Services.
       _____

VIII.  Previous civil actions:

       A. Have you begun other cases in state or federal courts dealing with the same facts involved
       in this case?                                Yes _____   No ✓

       B. Have you begun other cases in state or federal courts relating to the conditions of or
       treatment while incarcerated?                Yes _____   No ✓

       C. If your answer is "Yes," to either of the above questions, provide the following
       information for each case.

               (1) Style: _____
                              (Plaintiff)                  (Defendant)
               (2) Date filed: _____

2

(3) Court where filed: _____

(4) Case Number and citation: _____

(5) Basic claim made: _____

(6) Date of disposition: _____

(7) Disposition: _____
                                (Pending) (on appeal) (resolved)

(8) If resolved, state whether for: _____
                                      (Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX.    Statement of claim:

A.    State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

_Please see Attached, "Statement of Claim" pages 1 & 2_
_____
_____
_____
_____
_____
_____
_____
_____

B.    State briefly your legal theory or cite appropriate authority:

_Please see Attached, "Legal Theory or appropriate_
_authority" pages 1 & 2_
_____
_____
_____
_____
_____

3

X.   Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
_Remove Chris Deck and Elise Barker from my son's case, Return_
_my son home to either his mother or grandmother, Stop charging_
_parents for extra visit time, Terminate D.S.S. jurisdiction over my son._

XI.   Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. _N/A_

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?                    Yes _____   No _✓_

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
_N/A_

C. Have you previously had a lawyer representing you in a civil action in this court?
                                                    Yes _____   No _✓_

If your answer is "Yes," state the name and address of the lawyer.
_N/A_

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this _17_ᵀʰ day of _April_ 20_15_.

Signature(s) of Plaintiff(s)

4

Statement of Claim

1. April 24th, 2014 Division of Social Services took my son Christopher Darren Rucker into custody and placed him in foster.

2. June 16th, 2014 I requested increased visits and video calls. I was denied by Chris Deck, Elise Barker and minor members of the Family Support Team (FST)

3. June 16th, 2014 I requested placement of my son with his maternal grandparent. Chris Deck, Elise Barker, FST denied my request. Defendants did agree to placement if maternal grandparent, "Took classes and became certified."

4. a. July 17th, 2014 Chris Deck announces maternal grandparent "certified" but still refuse to place my son there. Defendants indicated they "did not trust me" as the reason. This was never mentioned on June 16th. Maternal grandparent kept her part of the bargain. Therefore I must view this as malicious & prejudicial behavior towards me. I became upset and quit Family Drug Court.

4. b. July 18th, 2014 Chris Deck admitted during during the meeting he caused the distress on purpose because he said, "I knew you would act like that." "I asked him directly," "You tried to piss me off on purpose? You did all this on purpose?" He responded, "Yes." I relapsed and disengaged from services, missed visits with my son due to not wanting him to see me under the influence.

Statement of Claim

5. October 15th, 2014 requested my son to be placed with maternal grandparent. Again Denied by Chris Deck, Elise Barker, FST

6. October 27th, 2014 Chris Deck tells Stacey Bair that I, "Tied a woman up and beat her for hours" and "he's a monster and dangerous to be around children", all unsubstantiated charges. He denied Ms. Bair's Permissive Placement for "associations" and removed her visits with her 3 girls. We didn't see the girls for over 4 months.

7. According to the permancy hearing Court Summary, page 3 of 11 prepared by Cynthia Hallam and Tammy Bates, my son's mother and maternal grand mother, "pay the parent aide for an extra hour of visit time." The Family Support Team approve.

8. Division of Social Services refuse to allow visits to the jail.

9. Cite mother's disability (Narcolepsy) as cause to not place my son in the home or restore custody, Mother's condition is treated by professionals, under control, as well as she lives with her mother for support. If this was truly an issue it should have been dealt with in a manner explaining a way to show the team it was a non-factor. This is C.Y.A. on the part of D.Y.S.

<u>Legal Theory or appropriate authority</u>
[numbers here coorespond with The "Statement of claim"]

1. The statutory requirements under 211.031 RSMo (1) §1
210.760 RSMo (6); 210.125 RSMo 1,2,3, 4; 210.710 RSMo 1,2
and violated constitutional Amendments 1, 14, and 4.

2. Being denied visitation violates 210.760 RSMo (6), 1st
amendment of the United States Constitution Freedom of
intimate association. "loss of First Amendment freedoms, for
even minimal periods of Time, unquestionably constitues
irreparable injury" <u>Elrod V. Burns</u> 427 US. 347, 373 (1976)

3, 4a&4b⓪ Intentional Infliction of Emotional Distress
④ The Defendant acted extreme by admitting he planned to cause
emotional distress by first approving maternal grandmother after classes
are taken with No intention ④ of ever placing my son with
his maternal grandmother. I suffered severe emotional distress, Job loss,
and relapsed within 24 hours as a result ④ of defendant's conduct.

5. denying placement with maternal grandmother violates 210.760 RSMo
(6)

6. Mr. Deck's statement places him in violation by libel and
slander. Denying Ms. Bait's permissive placement and Telling her
she's not allowed contact with me and Taking visits away from
her is in violation of The 1st, 4th, and 14th amendments.

Legal Theory or appropriate authority

7. Charging a parent for extra visit time with their child amounts to extortion; and could easily be viewed as discriminating against the low income, a group of society highly populated by minorities. My son is 25% black.

8. Having not been convicted and sitting as a pretrial detainee refusing to allow jail visits with my son violates my 1st Amendment right of intimate association.

9. Citing mother's Narcolepsy as cause to not return him home amounts to discrimination against disability and violates the American's with Disabilities Act as well in violation of 211.447, 10 which states," Disability or disease of parent shall NOT constitute a basis for determining that a child is a child in need of care, for the removal of custody of a child from the parent or for the Termination of Parental rights..."

Terry Rucker
Webster County Jail
101 N. Crittenden
Marshfield MO 65706

RECEIVED

2015 MAY 13 AM 10:59

CLERK, U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

U.S. District Court
Office of the Clerk
1510 Whittaker Courthouse
400 E. Ninth Street
Kansas City, MO 64106