UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TERRY DUANE RUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   15-3217-CV-S-BP-P |
| ) | |
| CHRIS DECK, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER DIRECTING DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S SUPERSEDING AMENDED COMPLAINT

Plaintiff, who was incarcerated at the Greene County Justice Center in Springfield, Missouri, at the time he filed this case,[1] seeks relief pursuant to 42 U.S.C. § 1983, for claimed violations of his federally protected rights.  A superseding amended complaint (Doc. No. 16) was filed on January 6, 2016, as directed by the Court's Order of December 10, 2015 (Doc. No. 15).

Although plaintiff has been released from confinement, the Prison Litigation Reform Act still applies because he was incarcerated at the time of filing.   Pursuant to the Prison Litigation Reform Act, the Court is required to screen prisoner complaints and must dismiss the complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, fails to state a claim under which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his superseding amended complaint, plaintiff once again names MDSS employees

---

[1] On March 7, 2016, plaintiff filed a notice of change of address reflecting that he has been released from the Greene County Jail, and now resides at an address in Springfield, Missouri.

Cynthia Hallam and Tammy Bates, Greene County Deputy Juvenile Officer Chris Deck, 31st Circuit Children's Division Manager Heather Ford, and "Guardian Ad Litem" Elise Barker. Plaintiff also includes the following newly-named defendants: Children's Division Investigator Mike Rivera, Springfield Police Sargent Robert Byrne, Springfield Police Officer A. Estrada, Springfield Police Officer H Anderson, Children's Division Caseworker Erica Russell, and Children's Division Caseworker Rachel Roy. Plaintiff alleges various violations of his federally protected rights concerning the placement of his son in foster care in April of 2014, and the subsequent conduct of that custody matter by the named defendants.

## State Court Proceedings

In the Court's initial screening order (Doc. No. 6), the Court noted that, from the face of the complaint, it appears that there may be a case pending in the Circuit Court of Greene County, Missouri, relating to plaintiff's custody and/or visitation rights concerning his minor child. Citing the federal abstention doctrine and Younger v. Harris, 401 U.S. 37, 46 (1971), the Court directed plaintiff to inform the Court whether such a case was pending in state court.

In his response to the Court's Order (Doc. No. 9), plaintiff confirmed that there is, in fact, a proceeding pending in state court relating to plaintiff's custody and/or visitation status concerning his son. However, plaintiff argued that abstention would be inappropriate in this case. That may or may not be so, but in order to make such a determination, it first is necessary to examine the facts of this case as set forth by the plaintiff and as understood by the Court, as well as the claims plaintiff has made against each individual defendant and the relief he seeks.

## Background

According to the amended complaint, plaintiff is the father of a minor child, hereinafter "C.R." On April 18, 2014, plaintiff and C.R.'s mother, Christina Miller, were arrested on

unspecified charges by officers of the Springfield, Missouri Police Department. At the time of the arrest, Officer H. Anderson took custody of C.R. and placed him with someone by the name of Veta Meints. It is not clear who this person is, but the Court assumes it is someone on call to care for minor children on a temporary basis when their parents are arrested. Officer Anderson also placed a call to the state Hotline.

On April 19, 2014, when plaintiff and Ms. Miller were released from jail, they went to pick up C.R. from Ms. Meints's home, but were advised that Caseworker Erica Russell had Ms. Meints sign a "safety plan" which included a prohibition against allowing plaintiff to remove C.R. from her home. Nevertheless, on April 22, 2014, C.R. was mistakenly delivered to Ms. Miller, and when she attempted to return C.R. to Ms. Meints's home, Ms. Meints asked that the parents make other arrangements for the care of C.R.

On April 23, 2014, plaintiff and Ms. Miller placed C.R. in the home of his maternal grandmother, Sefronia Fahey, but later that day, Springfield Police Sgt. Robert Byrne and Officer A. Estrada went to Ms. Fahey's home and took custody of C.R., and then turned him over to Children's Division Investigator Mike Rivera.

On April 28, 2014, the Greene County Circuit Court granted custody of C.R. to the Children's Division. However, plaintiff was not notified nor was he present at that court hearing.

On June 14, 2014, a "Family Support Team" meeting was held, which included Greene County Deputy Juvenile Officer ("DJO") Chris Deck, court-appointed Guardian Ad Litem ("GAL") Elise Barker, plaintiff, Ms. Miller, and the parents' attorneys. Plaintiff requested visits and phone calls with C.R., as well as parenting classes, but those requests were denied. He also asked that C.R. be placed with his maternal grandmother, Ms. Fahey, and was told that

once a home study had been conducted, that would be allowed.

On June 17, 2014, DJO Deck and GAL Barker told plaintiff the home study had been completed, but that placement with Ms. Fahey would not be allowed.

On October 15, 2014, at another "Family Support Team" meeting, plaintiff once again was told his request that C.R. be placed with Ms. Fahey was denied.

On October 27, 2014, DJO Deck and GAL Barker allegedly told someone named Stacey Bait that plaintiff had tied a woman up and beat her for six hours. It is not clear who Stacey Bait is, but the Court assumes it was someone who was then caring for C.R.

DJO Deck and GAL Barker allegedly then told both Stacey Bait and C.R.'s mother, Ms. Miller, that they should not associate with or contact plaintiff, and his relationship with those two individuals was "destroyed."

On January 19, 2015, plaintiff was arrested and placed in the Greene County Jail. In February of 2015, while in the jail, Case Manager Cynthia Hallam visited plaintiff, at which time he requested visitation with C.R. Ms. Hallam agreed to ask the Family Support Team, but the request was denied. Plaintiff had no visitation with C.R. until September of 2015.

In August of 2015, the Greene County Circuit Court ordered the Children's Division to allow plaintiff monthly visitation with C.R. Plaintiff had one visit, on September 1, 2015, but has never seen C.R. again. On September 25, 2015, Ms. Hallam returned to plaintiff a picture he had drawn for C.R. and refused to allow plaintiff to send it to him.

On November 19, 2015, the Greene County Circuit Court placed C.R. in the custody of a relative in Louisiana, and plaintiff did not find out about it until December 3, 2015.

### Plaintiff's Claims & Relief Requested

As the Court understands plaintiff's amended complaint, he believes that he was denied

procedural due process when he was not appointed an attorney and no hearing was conducted within 72 hours of the removal of C.R. from his custody. Plaintiff also contends that the defendants interfered in the integrity of his family unit by destroying plaintiff's relationships with C.R. and Ms. Miller, and by failing to place C.R. with family members or to provide visitation with his parents and siblings. Plaintiff also alleges that the defendants "slandered" him in statements made to Ms. Miller and to Stacey Bait, thereby interfering in his "intimate associations" with them. Finally, plaintiff further alleges that the "Family Support Team" denied him due process and tried to extort money from him by attempting to charge him money for extra visitation time with C.R.

For relief, plaintiff seeks monetary damages, declaratory relief, and injunctive relief, including an order directing DJO Deck to apologize and then resign from his position at the juvenile office; and an order restoring plaintiff's parental rights and returning his son to him.

## Discussion

Although the Court believes that at least some of plaintiff's claims against some of the defendants may be subject to the federal abstention doctrine relating to child custody cases, the particulars of the custody matter relating to C.R. are not available on-line via Missouri Case.net, probably because it involves a juvenile court proceeding. Consequently, the Court will withhold its determination concerning the applicability of the abstention doctrine until more information becomes available once the defendants have been served with process.

However, the injunctive relief plaintiff seeks - - that DJO Deck be ordered to apologize and resign from the juvenile office, and that this Court order plaintiff's parental rights be restored and his son returned - - simply are not available. This Court does not have jurisdiction to order

DJO Deck to apologize or resign, and pursuant to the Rooker-Feldman doctrine,[2] the Court does not have the authority to review a state court decision such as apparently has been entered in the case of C.R. If plaintiff seeks review of the state court decision, his only federal remedy is a petition for a writ of certiorari to the United States Supreme Court, after exhausting all Missouri state appeals. Consequently, the Court will sever and dismiss plaintiff's prayer for injunctive relief for lack of jurisdiction.

Granting plaintiff's claims a liberal construction, see Haines v. Kerner, 404 U.S. 519 (1972), they do not appear to be totally frivolous or maliciously raised. If the allegations of plaintiff's superseding amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. 42 U.S.C. § 1997e(g)(2). Therefore, defendants will be directed to answer or otherwise respond to plaintiff's complaint.

Accordingly, it is **ORDERED** that:

(1) the Clerk of the Court is directed to update the docket sheet to include newly added defendants Mike Rivera, Sgt. Robert Byrd, Officer A. Estrada, Officer H. Anderson, Erica Russell, and Rachel Roy as parties to this case;

(2) plaintiff's prayer for injunctive relief is severed and dismissed, with prejudice, for lack of jurisdiction;

(3) the Missouri Attorney General shall notify the Court, in writing, within thirty (30) days from the date of this Order, if he will or will not waive service of process for defendants Chris Deck, Elise Barker, Cynthia Hallam, Tammy Bates, Heather Ford, Mike Rivera, Erica Russell, and Rachel Roy; and

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).

(4) defendants Chris Deck, Elise Barker, Cynthia Hallam, Tammy Bates, Heather Ford, Mike Rivera, Erica Russell, and Rachel Roy are directed to answer or otherwise respond to plaintiff's superseding amended complaint (Doc. No. 16), pursuant to Fed. R. Civ. P. 4 and 12 within sixty (60) days from the date of this Order if service of process is waived, or within twenty-one (21) days after service of process if service of process is not waived;

(5) the Clerk of the Court shall issue appropriate summons to defendants Sgt. Robert Byrne, Officer A. Estrada, and Officer H. Anderson, at the Springfield, Missouri, Police Department, as authorized by Fed. R. Civ. P. 4, and shall deliver the summons, the superseding amended complaint, and a copy of this Order to the United States Marshal for service of process;

(6) the United States Marshal shall attempt _personal_ service of process of the summons, the superseding amended complaint, and a copy of this Order upon defendants Byrne, Estrada, and Anderson, as directed by Fed. R. Civ. P. 4;[3] and

(7) defendants Byrne, Estrada, and Anderson are directed to answer or otherwise respond to plaintiff's superseding amended complaint, within twenty-one (21) days from the date of service, as required by Fed. R. Civ. P. 12.

                                                                                    /s/ *Beth Phillips*
                                                                                     BETH PHILLIPS
                                                                                     UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   April 22, 2016.

---

[3] Plaintiff was granted leave to proceed _in forma pauperis_ by the Court's Order of May 28, 2015. (Doc. No. 5).